UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT TROY COOK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:13-cv-00331-SKO PC<br><br>ORDER DISMISSING CERATIN CLAIMS, WITH PREJUDICE, AND DISMISSING REMAINING CLAIMS, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.　Screening Requirement and Standard**

　　Plaintiff Scott Troy Cook, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 8, 2013. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.  Discussion**

    **A.  Summary of Allegations**

Plaintiff, who is currently incarcerated at Pelican Bay State Prison ("PBSP") in Crescent City, California, brings this action against twenty-one prison officials at California Substance Abuse Treatment Facility State Prison ("SATF"), California State Prison-Corcoran ("CSP-Corcoran"), and California Department of Corrections and Rehabilitation ("CDCR") headquarters in Sacramento.

On September 17, 2008, Plaintiff was removed from the general population at SATF and placed in the Administrative Segregation Unit ("ASU") pending investigation into his involvement in Aryan Brotherhood prison gang activities.  On October 22, 2008, Plaintiff was validated as an

///

///

2

associate of the Aryan Brotherhood. As the result of his validation, Plaintiff was assessed an indeterminate Security Housing Unit ("SHU") term, which he is serving at PBSP.[1]

On October 25, 2008, Plaintiff filed an inmate appeal grieving the decision to validate him and the absence of evidence of gang activity, and on October 29, 2008, Plaintiff filed an inmate appeal grieving his validation, his SHU term, his retention in SHU based on mere allegations, and the vagueness and overbreadth of relevant prison regulations. Both appeals were returned to Plaintiff by Defendant Zinani on the ground that they were duplicative of appeal number SATF-08-5095.

On November 7, 2008, Plaintiff wrote to Defendant Zinani explaining that his new appeals were not duplicative of SATF-08-5095, because he was now grieving the recent decision to validate him while the earlier appeal concerned a challenge to the evidence being used to validate him.

Plaintiff attempted to obtain copies from his central file, but his request was refused by Defendant Cota. In response, Plaintiff filed inmate appeal number SATF-08-5980 on November 9, 2008.

On November 13, 2008, Defendant Zinani responded to Plaintiff and informed him that while his appeals were duplicative, he could submit appeal number SATF-08-5095 to the second level of review. Plaintiff had not received appeal number SATF-08-5095 back from the first level of review and Defendant Zinani's response was his first notice that it could proceed to the next level.

On November 14, 2008, Plaintiff appeared before the institutional classification committee, where he was informed he would be retained in ASU on indeterminate SHU status pending transfer to PBSP.

On November 30, 2008, Plaintiff filed a citizen's complaint, number SATF-08-6110, against Defendant Cota because she continued to refuse him copies.

///

---

[1] Plaintiff is currently proceeding with a civil rights action in the Northern District of California relating to his validation, case number 4:11-cv-06581-YGR. The Northern District dismissed Plaintiff's claims against staff at SATF and CSP-Corcoran based on venue, and those claims form the basis of this subsequently-filed civil rights suit.

On December 1, 2008, Defendant Cota partially granted appeal number SATF-08-5980 at the informal level of review, but since Plaintiff's request for copies was still denied, he submitted the appeal to the first formal level of review.

On December 9, 2008, Plaintiff filed an inmate appeal grieving the loss by prison officials of appeal number SATF-08-5095.

On December 15, 2008, Plaintiff was transferred from SATF to PBSP.

On December 29, 2008, Defendant Fraunheim addressed Plaintiff's citizen complaint, appeal number SATF-08-6110, and found that Defendant Cota did not violate prison policy.

On January 5, 2009, Plaintiff received a response from Defendant Zinani regarding the appeal he filed grieving the loss of appeal number SATF-08-5095. Defendant Zinani stated that Plaintiff was requesting information rather than appealing an issue and as such, he did not use the proper form.

Plaintiff then requested assistance from his PBSP counselor in locating appeal number SATF-08-5095 so that he could pursue the appeal. Plaintiff's counselor forwarded his request to SATF. Plaintiff received another response from Defendant Zinani informing him that he was requesting information rather than appealing an issue and that he was required to use a form GA-22 inmate request for interview. Plaintiff forwarded this response to his counselor, who said she would look in Plaintiff's central file and get back to him. On February 13, 2009, Plaintiff's counselor provided him with copies of appeal number SATF-08-5095, but she stated she was unable to locate the original appeal with its attachments.

Following receipt of this information, more back-and-forth communication between Plaintiff and prison officials occurred regarding appeal number SATF-08-5095 and the missing documentation. At Plaintiff's request, his family sent copies of his documentary evidence to prison officials, but it was inadvertently mailed to Sacramento rather than to SATF. The documents were forwarded to SATF, but upon subsequent inquiry, Plaintiff was informed that the documents had not been received at SATF. Plaintiff's family again mailed copies, this time to SATF via certified mail. The envelope was received and signed for by Defendant Patch.

///

Ultimately, appeal log number SATF-08-5095 was considered and denied on August 31, 2011, at the third and final level of appeal review, under appeal number PBSP-11-0753.

### B. Federal Claims

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. Section 1983 does not provide redress for the violation of state law. *Nurre*, 580 F.3d at 1092; *Ove v. Gwinn*, 264 F.3d 817, 824-25 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). To state a claim, Plaintiff must demonstrate the existence of a causal connection between a violation of his federal rights and the actions or omissions of each named defendant; there is no *respondeat superior* liability under section 1983. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949; *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010).

Although Plaintiff alleges a myriad of different legal claims, at its core, this lawsuit arises out of Plaintiff's validation as a prison gang associate and his subsequent pursuit of relief through the prison's administrative grievance process. While lengthy and detailed, Plaintiff's allegations do not support the existence of any claims for relief under section 1983. In the subsections that follow, the Court will address, briefly, the federal claims alleged by Plaintiff.

#### 1. First Amendment Right to Send and Receive Mail

Although Plaintiff alleges a claim for violation of his First Amendment right to send and receive mail, his complaint is devoid of any facts supporting such a claim. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). The facts that Plaintiff's appeal original appeal documents were lost, that SATF staff stated they did not receive the mail from Plaintiff's family which was forwarded by staff in Sacramento, and that Defendant Patch signed for the certified mail from Plaintiff's family do not support a claim for interference with Plaintiff's right to send and receive mail. Because the Court can conceive of no set of facts which would transform this situation

5

involving misplaced or lost documents into a viable claim for interference with the constitutional right to send and receive mail, the claim is dismissed, with prejudice.  *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (citing *Procunier v. Martinez*, 416 U.S. 396, 413, 94 S.Ct. 1800 (1974)); *Prison Legal News v. Lehman*, 397 F.3d 692, 699 (9th Cir. 2005) (citing *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987)).

### 2. **First Amendment Right of Freedom of Association**

"An inmate does not retain rights inconsistent with proper incarceration," and "freedom of association is among the rights least compatible with incarceration."  *Overton v. Bazzetta*, 539 U.S. 126, 131, 123 S.Ct. 2162 (2003).  Accordingly, "[s]ome curtailment of that freedom must be expected in the prison context."  *Id.*

Plaintiff's allegations provide no support for his claim that his right to freedom of association was violated.

### 3. **Fifth Amendment**

Plaintiff alleges that his Fifth Amendment right to remain silent was violated.  This claim is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989) (quotation marks omitted); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).  The prison gang validation process is administrative in nature, *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003), and Plaintiff may not base a Fifth Amendment self-incrimination claim on a purported violation of this right in relation to the gang validation process, which did not lead to criminal proceedings, *e.g.*, *Chavez v. Martinez*, 538 U.S. 760, 766-70, 123 S.Ct. 1994, 2000-03 (2003); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012).  This claim is dismissed, with prejudice.

### 4. **Fourteenth Amendment Due Process Claims**

#### a. **Vague, Overbroad Regulations**

Plaintiff alleges, generally, that the regulations governing gang validation issues are vague and overly broad.  The onus is on Plaintiff to identify the regulations in question and articulate the bases for his claims.  At least in part, Plaintiff's claims appear to be precluded by the decision in *Castro v. Terhune*, 712 F.3d 1304 (9th Cir. 2013), which was issued shortly after Plaintiff filed this suit.  The *Castro* case involved a facial challenge to prison regulations defining gang

6

association, and the Ninth Circuit upheld the regulations against a challenge of unconstitutional vagueness. *Castro*, 712 F.3d at 1313. Like the plaintiff in *Castro*, Plaintiff is vague as to the precise nature of his challenge, but he was validated as a prison gang associate and he takes issue with the regulation(s) defining proscribed and permitted conduct. As such, Plaintiff appears, in part if not in whole, to be challenging the regulations at issue in *Castro* and he is precluded from doing so in light of light of that decision.

To the extent Plaintiff believes, in good faith, that his basis for challenging the regulations differs from *Castro*, he may amend. Plaintiff is reminded that vague allegations of misconduct or deficient regulations will not suffice to support a plausible claim for relief. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### b. Denial of Procedural Due Process – ASU and SHU

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Wilkinson*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484) (quotation marks omitted); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). If a protected interest is identified, the inquiry then turns to what process is due. *Wilkinson*, 545 U.S. at 224.

The assignment of validated gang members and associates to the SHU is an administrative measure rather than a disciplinary measure, and is "essentially a matter of administrative discretion." *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting *Munoz v. Rowland*, 104

F.3d 1096, 1098 (9th Cir. 1997)); *accord Castro*, 712 F.3d at 1310.  As a result, prisoners are entitled to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review.  *Bruce*, 351 F.3d at 1287 (citing *Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01 (9th Cir. 1986), *abrogated in part on other grounds by Sandin*).  In addition to these minimal protections, there must be "some evidence" supporting the decision.  *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985); *Castro*, 712 F.3d at 1314-15; *Bruce*, 351 F.3d at 1287.

With respect to Plaintiff's initial placement in ASU, which lasted approximately one month, Plaintiff did not have a protected liberty interest at stake and he may not pursue a due process claim arising from that event.  *Resnick v. Hayes*, 213 F.3d 443, 448-49 (9th Cir. 2000); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997).

With respect to Plaintiff's gang associate validation and indeterminate SHU term, the Court assumes without deciding that inmates have a protected liberty interest in avoiding long-term SHU confinement.  However, Plaintiff's complaint sets forth no facts supporting a claim that he was validated without the minimal procedural protections to which he was due under federal law.[2]  *Bruce*, 351 F.3d at 1287-88.  Under federal law, even one source item may suffice to support a gang validation and Plaintiff's validation was supported by three source items.  *Id.*  Plaintiff's bald assertion that he was validated without "some evidence" is belied by his complaint and attached exhibits.

### c. **Inmate Appeals Process**

Although Plaintiff does not specifically allege a due process claim arising out of the handling of his inmate, the bulk of his statement of claim is devoted to describing the inmate appeals and citizen's complaint he filed and his drawn out effort to seek relief via the appeals process.

Plaintiff does not a have protected liberty interest at stake with respect to the prison grievance processes, and therefore, any attempt to pursue a claim for denial of due process with

---

[2] Plaintiff mentions meaningful, timely classification reviews in his complaint.  In as much as Plaintiff was validated on October 22, 2008, and transferred to PBSP on December 15, 2008 , he may not pursue any due process claims in this action relating to the periodic reviews to which he is entitled under the law.  Venue for claims arising from classification reviews at PBSP is appropriate in the Northern District of California and Plaintiff may already be pursuing those claims in his case pending in that court.

respect to appeals process issues fails as a matter of law. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

### C. State Law Claims

Regardless of the potential merits of Plaintiff's state law claims, Plaintiff is informed that the Court lacks jurisdiction over those claims in the absence of any viable federal claims. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). Furthermore, in the event that Plaintiff is able to amend to state a claim under section 1983, Plaintiff has not alleged any facts demonstrating compliance with the Government Claims Act, which is a condition precedent to filing suit on his state law claims. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004).

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). The failure to sufficiently allege a causal connection between each defendant's actions or omissions and the constitutional violation at issue in the amended complaint will result in dismissal of that defendant. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949; *Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey*, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's First Amendment incoming and outgoing mail claim, Fifth Amendment self-incrimination claim, and due process claim arising from issues with the prison grievance processes are dismissed, with prejudice, for failure to state a claim under section 1983;

2. Plaintiff's remaining claims are dismissed, with leave to amend, for failure to state a claim under section 1983;

3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint not to exceed twenty-five pages;[3] and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **November 25, 2013**            /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE

---

[3] The page limit applies to Plaintiff's amended complaint and does not include attached exhibits.