1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

8

### EASTERN DISTRICT OF CALIFORNIA

9

10    SCOTT TROY COOK,                      Case No. 1:13-cv-00331-SKO (PC)

11              Plaintiff,                   ORDER DENYING MOTION FOR
                                            RECONSIDERATION
12         v.
                                            (Doc. 9)
13    MATTHEW CATE, et al.,

14              Defendants.
      _____/

15

16         Plaintiff Scott Troy Cook, a state prisoner proceeding pro se and in forma pauperis, filed

17    this civil rights action pursuant to 42 U.S.C. § 1983 on March 8, 2013.  On November 26, 2013,

18    the Court screened Plaintiff's complaint; dismissed Plaintiff's First Amendment incoming and

19    outgoing mail claims, Fifth Amendment self-incrimination claim, and due process claim arising

20    out of the inmate appeals process, with prejudice, for failure to state a claim; and dismissed

21    Plaintiff's remaining claims, with leave to amend, for failure to state a claim.  28 U.S.C. § 1915A.

22    On December 11, 2013, Plaintiff filed a motion to amend or alter judgment with respect to the

23    dismissal of his First Amendment claim, limited to his certified mail.[1]  Fed. R. Civ. P. 59.

24    (Motion, Cook Dec., ¶6.)  In as much as judgment was not entered, Plaintiff's motion will be

25    construed as seeking reconsideration, as that is the appropriate vehicle to obtain relief from an

26    order.  Fed. R. Civ. P. 60(b).

27
      _____
      [1] Plaintiff filed an amended complaint on December 16, 2013, which is screened and dismissed, with prejudice, in a
28    separate order.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted).  The moving party must demonstrate both injury and circumstances beyond his control.  *Id.* (quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Although Plaintiff represents that the Court misconstrued his allegations, his argument is not supported by the first screening order.  (Doc. 9, Motion, Cook Dec., ¶¶1-3; Doc. 8, Screening Order, 5:27 & 5:22-6:2.)    To the contrary, Plaintiff merely disagrees with the Court's determination that his allegations regarding his missing certified mail did not give rise to a viable claim for relief under the First Amendment, and his disagreement with the Court's prior finding does not support reconsideration.

With respect to Plaintiff's argument that his certified mail sent to the appeals coordinator was signed for but then disappeared, even assuming the mail was not inadvertently or negligently lost, an isolated incident of mail interference or tampering such as Plaintiff describes will not support a claim under section 1983 for violation of Plaintiff's constitutional rights.  *See Davis v.*

1 | *Goord*, 320 F.3d 346, 351 (2d. Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997);

2 | *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990).

3 |       Accordingly, Plaintiff's motion for reconsideration is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

Dated:   **May 22, 2014**                                        **/s/ Sheila K. Oberto**
                                                                            UNITED STATES MAGISTRATE JUDGE

3