# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

SCOTT TROY COOK,

      Plaintiff,

      v.

MATTHEW CATE, et al.,

      Defendants.

_____/

Case No. 1:13-cv-00331-SKO (PC)

SECOND SCREENING ORDER
DISMISSING ACTION, WITH PREJUDICE,
FOR FAILURE TO STATE A CLAIM
UNDER SECTION 1983 AND DIRECTING
CLERK OF COURT TO ENTER
JUDGMENT

(Doc. 10)

## Second Screening Order

### I.    Procedural History

Plaintiff Scott Troy Cook, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 8, 2013.  On November 26, 2013, the Court screened Plaintiff's complaint; dismissed Plaintiff's First Amendment incoming and outgoing mail claims, Fifth Amendment self-incrimination claim, and due process claim arising out of the inmate appeals process, with prejudice, for failure to state a claim; and dismissed Plaintiff's remaining claims, with leave to amend, for failure to state a claim.  28 U.S.C. § 1915A. Plaintiff filed an amended complaint on December 16, 2013.

### II.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**III.** **Discussion**

**A.** **Summary of Due Process Claim**

Plaintiff, who is incarcerated at Pelican Bay State Prison in Crescent City, California, brings this action against Institutional Gang Investigators ("IGI") S. Furlong and D. Berna; IGI Lieutenant R. A. Garza; IGI Sergeant A. Hernandez; Associate Warden T. Wan; and SSU (Special Services Unit) members E. Fischer, J. A. Harrison, and K. Kerkler for their involvement in his 2008 validation as an Aryan Brotherhood gang associate, in violation of his right to procedural

1   due process under the Fourteenth Amendment of the United States Constitution.  The events at

2   issue occurred while Plaintiff was incarcerated at California Substance Abuse Treatment Facility

3   and State Prison in Corcoran.

4          **B.**    **Legal Standard**

5       The Due Process Clause protects Plaintiff against the deprivation of liberty without the

6   procedural protections to which he is entitled under the law.  *Wilkinson v. Austin*, 545 U.S. 209,

7   221, 125 S.Ct. 2384 (2005).  To state a claim, Plaintiff must first identify the interest at stake.

8   *Wilkinson*, 545 U.S. at 221.  Liberty interests may arise from the Due Process Clause or from state

9   law.  *Id.*  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding

10   more adverse conditions of confinement, *id.* at 221-22 (citations and quotation marks omitted),

11   and under state law, the existence of a liberty interest created by prison regulations is determined

12   by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v.*

13   *Conner*, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty

14   interests created by prison regulations are generally limited to freedom from restraint which

15   imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

16   prison life.  *Wilkinson*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484) (quotation marks omitted);

17   *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).  If a protected interest is identified, the

18   inquiry then turns to what process is due.  *Wilkinson*, 545 U.S. at 224.

19       The assignment of validated gang members and associates to the Security Housing Unit is

20   an administrative measure rather than a disciplinary measure, and is "essentially a matter of

21   administrative discretion."  *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting *Munoz v.*

22   *Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997)).  As a result, prisoners are entitled to the minimal

23   procedural protections of adequate notice, an opportunity to be heard, and periodic review.  *Bruce*,

24   351 F.3d at 1287 (citing *Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01 (9th Cir. 1986),

25   *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293 (1995)).

26   In addition to these minimal protections, there must be "some evidence" bearing "some indicia of

27   reliability" supporting the decision.  *Castro v. Terhune*, 712 F.3d 1304, 1314 (9th Cir. 2013)

28

1  (citing *Superintendent v. Hill*, 472 U.S. 445, 456, 105 S.Ct. 2768 (1985) and *Bruce*, 351 F.3d at

2  1287) (internal quotation marks omitted).

3      **C.    Findings**

4      As an initial matter, Plaintiff fails to allege any facts demonstrating the existence of a

5  protected liberty interest. *Wilkinson*, 545 U.S. at 221.

6      Assuming Plaintiff was sentenced to the Security Housing Unit under terms which might

7  arguably constitute atypical and significant hardship in relation to the ordinary incidents of prison

8  life, Plaintiff must allege facts showing that he was deprived of that protected interest without the

9  process he was due under federal law. *Id.*

10     Plaintiff's allegations and exhibits demonstrate that, prior to his validation on October 22,

11  2008, he was provided with notice and an opportunity to be heard, and he does not claim

12  otherwise. (Amend. Comp., pp. 22, 25-28.)

13     With respect to the existence of some evidence supporting his validation, Plaintiff's

14  validation was based on three pieces of evidence: an outgoing coded letter to a validated Aryan

15  Brotherhood associate discussing gang activity, a coded letter discussing Plaintiff's association

16  with the Aryan Brotherhood, and the name and address of a validated Aryan Brotherhood

17  associate found in Plaintiff's personal property.[1]  (*Id.*, pp. 8, 10, 11, 15.)  The "some evidence"

18  standard is satisfied if there "is *any evidence* in the record that could support the conclusion," and

19  "evidence may qualify as some evidence, even if it does not logically preclude any conclusion but

20  the one reached." *Castro*, 712 F.3d at 1314 (emphasis in original).  Neither Plaintiff's allegations,

21  nor his exhibits, which include his written challenge to the evidence, support a claim that he was

22  validated in the absence of "some evidence" bearing "some indicia of reliability." *Id.*  To the

23  contrary, Plaintiff's arguments regarding the pieces of evidence, made on September 18, 2008,

24  amount to attempts to persuade Defendant Furlong of other explanations for the items found, and

25

26

_____

27  [1] State prison regulations provide that gang membership or association must be supported by three independent source items.  Cal. Code. Regs., tit. 15, § 3378(c)(3), (4).  The "minimally stringent" federal "some evidence" standard,

28  however, may be satisfied by even one piece of evidence. *Castro*, 712 F.3d at 1314-15 (citing *Powell v. Gomez*, 33 F.3d 39, 40 (9th Cir. 1994) and *Bruce*, 351 F.3d at 1288).

1   that does not suffice to support a plausible claim of gang validation in the absence of "some

2   evidence" with "some indicia of reliability." *Id.*

3        The Court finds that Plaintiff's claim he was validated in the absence of the procedural due

4   process to which he was due under the Constitution fails as a matter of law.  Plaintiff's other

5   allegations, which relate to his disagreement with the confidential memoranda which were not

6   used to validate him but which remain in his central file and his disagreement with the resolution

7   of his inmate appeal, do not give rise to a claim for relief under section 1983.  *Wilkinson*, 545 U.S.

8   at 221; *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640

9   (9th Cir. 1988).  (*E.g.*, Amend. Comp., ¶5, 7, 8 & pp. 9, 13, 32, 33.)

10  **IV.**    **Appointment of Counsel**

11        To the extent Plaintiff's attached motion for the appointment of counsel, dated February

12  11, 2013, can be construed as a request made for counsel on December 16, 2013, it is denied.

13        Plaintiff does not have a constitutional right to the appointment of counsel in this action.

14  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353

15  (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C.

16  § 1915(e)(1), but it will do so only if exceptional circumstances exist.  *Palmer*, 560 F.3d at 970;

17  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the

18  Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate

19  his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970

20  (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is

21  dispositive and they must be viewed together.  *Palmer*, 560 F.3d at 970 (citation and quotation

22  marks omitted); *Wilborn* 789 F.2d at 1331.

23        In the present case, the Court does not find the required exceptional circumstances.  Given

24  the determination that Plaintiff's allegations do not give rise to a claim for relief under section

25  1983, likelihood of success on the merits weighs against Plaintiff, the legal issues are not complex,

26  and Plaintiff is very capable of articulating his claim.  *Palmer*, 560 F.3d at 970.

27  ///

28  ///

1  **V.      Conclusion and Order**

2          The Court finds that Plaintiff's amended complaint fails to state a claim upon which relief

3  may be granted under section 1983.  Plaintiff was previously given the opportunity to amend and

4  based on the nature of the deficiencies in his claim, further leave to amend is not warranted.

5  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th

6  Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

7          Accordingly, it is HEREBY ORDERED that:

8          1.      Plaintiff's motion for the appointment of counsel is DENIED;

9          2.      This action is DISMISSED, with prejudice, for failure to state a claim under section

10                 1983, and

11         3.      The Clerk's Office shall enter judgment against Plaintiff.

12

13

14  IT IS SO ORDERED.

15      Dated:   __May 22, 2014__                        _____ /s/ Sheila K. Oberto__

16                                                       UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

6